## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

ROSENDO AGUIRRE-ARREOLA,

        Defendant.

Case No. 26-mj-08094-JBW

## CRIMINAL COMPLAINT

I, Neil Harmon, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

## COUNT 1

On or about May 5, 2026, in the District of Kansas, the defendant

## ROSENDO AGUIRRE-ARREOLA,

a person who is not a citizen and national of the United States, and who previously was deported, removed, and excluded from the United States, on or about August 28, 2014, at or near Hidalgo, Texas; and who failed to obtain the express consent of either the Attorney General of the United States or the Secretary of Homeland Security to reapply for admission into the United States, was found in the United States after knowingly and voluntarily reentering the United States.

In violation of Title 8, United States Code, Section 1326(a).

## STATEMENT OF FACTS

1.      I, Neil Harmon, am a Deportation Officer (DO) with Immigration & Customs Enforcement (ICE), Enforcement & Removal Operations (ERO). I am currently assigned to the Kansas City, Missouri office and have served as a DO with ERO for over twenty (20) years.

2.      I have personally participated in the investigation set forth below.  I am familiar

with the facts and circumstances of the investigation through my personal participation; from discussions with other officers of ERO and other law enforcement officers and from my review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another agent, law enforcement officer or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated.

3. On or about May 5, 2026, Rosendo AGUIRRE-ARREOLA came to ERO custody after being arrested by DEA and ERO executing a warrant on AGUIRRE-ARREOLA's residence, 1023 Calvin Street, Kansas City, Kansas 66102, which is in the District of Kansas. AGUIRRE-ARREOLA was administratively processed for removal. AGUIRRE-ARREOLA was served a Form I-871, reinstating his prior expedited removal order issued by U.S. Border Patrol on January 28, 2012 at Falfurrias, Texas. AGUIRRE-ARREOLA's fingerprints were entered into the immigration databases and confirmed his name, date of birth, FBI number, and alien number. ERO DO determined that AGUIRRE-ARREOLA is a native and citizen of Mexico who had been previously removed from the United States three times without obtaining permission from the Attorney General of the United States or Secretary of Homeland Security to re-enter.

4. AGUIRRE-ARREOLA's immigration databases review revealed on January 28, 2012, AGUIRRE-ARREOLA was arrested U.S. Border Patrol (USBP) near Falfurrias, TX after entering the United States illegally and issued an expedited removal order.

5. On February 2, 2012, AGUIRRE-ARREOLA was removed to Mexico from Calexico, CA.

6.    On April 12, 2012, AGUIRRE-ARREOLA was arrested by USBP near Falfurrias, TX after entering the United States illegally. AGUIRRE-ARREOLA was served a Form I-871, reinstating his prior expedited removal order issued January 28, 2012.

7.    On April 15, 2012, AGUIRRE-ARREOLA was removed to Mexico from Brownsville, TX.

8.    On August 15, 2014, AGUIRRE-ARREOLA was arrested by ERO on an ICE detainer after an arrest by Clayton County, GA Sheriff's Office where he was charged with trafficking cocaine, illegal drugs, marijuana or Methamphetamine. AGUIRRE-ARREOLA was served a Form I-871, reinstating his prior expedited removal order issued January 28, 2012.

9.    On August 28, 2014, AGUIRRE-ARREOLA was removed to Mexico from Hidalgo, TX.

10.    A review of AGUIRRE-ARREOLA's immigration documents and all available databases maintained by DHS confirmed he has no pending applications or claims which would allow him to enter or remain in the United States lawfully. Further, there is no information AGUIRRE-ARREOLA has ever applied for, or received, permission from the Secretary of Homeland Security to re-enter the United States legally.

11.    Based on the foregoing, there is probable cause to show that AGUIRRE-ARREOLA is an illegal alien who reentered the United States after being removed while under an order of removal, in violation of Title 8, United States Code, Section 1326(a)(1).

12.    WHEREFORE, your affiant respectfully requests that a warrant for the arrest of ROSENDO AGUIRRE-ARREOLA be issued for violating of Title 8, United States Code, Section 1326(a)(1) that is, reentry by a previously removed alien.

FURTHER AFFIANT SAYETH NAUGHT.

Respectfully Submitted,

NEIL L HARMON
Digitally signed by NEIL L HARMON
Date: 2026.05.14 11:35:27 -05'00'

Neil Harmon
Deportation Officer
ICE Enforcement and Removal Operations

Subscribed and sworn to before me on this 14 day of May, 2026, after first having been transmitted via reliable electronic means.

HONORABLE JENNIFER B. WEILAND
United States Magistrate Judge
District of Kansas

4

## PENALTIES

**Count 1: Reentry by Previously Removed Alien**

- Punishable by a term of imprisonment of not more than two years.  8 U.S.C. § 1326(a).

- A term of supervised release of not more than one year.  18 U.S.C. § 3583(b)(3).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.  18 U.S.C. § 3013(a)(2)(A).

*If committed after convictions of three or more misdemeanors involving drugs and/or crimes against the person, or a felony then:*

- Punishable by a term of imprisonment of not more than ten years.  8 U.S.C. § 1326(b)(1).

- A term of supervised release of not more than three years.  18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.  18 U.S.C. § 3013(a)(2)(A).

*If committed after an aggravated felony conviction, then:*

- Punishable by a term of imprisonment of not more than twenty years.  8 U.S.C. § 1326(b)(2).

- A term of supervised release of not more than three years.  18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.  18 U.S.C. § 3013(a)(2)(A).